STATE, EX REL. FRED JOHNSON, RELATOR, v. FRANK MARSH, SECRETARY OF STATE, RESPONDENT: FLOYD RYMAN, INTERVENER.

FILED SEPTEMBER 23, 1930. No. 27652.

*Sterling F. Mutz*, for relator.

*Charles E. Matson*, for respondent.

*O. B. Clark*, for intervener.

Goss, C. J.

This is a summary proceeding before a justice of the supreme court under section 2119, Comp. St. 1922, as amended by section 3, ch. 108, Laws 1925, and now known as section 32-1129, Comp. St. 1929. The relator, claiming to be Fred Johnson of Greeley county, on July 3, 1930, duly filed his application to be put upon the official republican

ballot as a candidate for the office of auditor of public accounts at the primary election to be held in this state August 12, 1930. That was in due time for such filing, being the last day therefor. On the morning of July 14, 1930, he signed a withdrawal of his application and it was given to one who filed it on July 15, 1930. In the meantime objections had been filed by Floyd Ryman and by Casper K. Blackburn to the placing of Fred Johnson's name upon the ballot. Also, by or on behalf of Fred Johnson, after his execution of the withdrawal on July 14 and before it was filed on July 15, notice was given to the office of the secretary of state that he wanted to withdraw his withdrawal. On a hearing the respondent refused to allow the withdrawal of the withdrawal and entered an order against the relator. At the hearing no evidence was received on the protests above referred to.

On the hearing before a justice of this court all the parties were represented by counsel. It was strongly urged that no applicant for a place on the party ballot at a primary election can, under the statutes as now existing, withdraw within less than 30 days prior to such election. The opinions of the various attorneys general of the state from 1907, when the general primary law was enacted, to the present have consistently held that such withdrawals may be made at any time before the lists are certified by the secretary of state. The statutes are rather confusing and I do not find it necessary to a decision of the case to decide that point here. It may be that this and other needed clarifications of the primary laws will be made by the legislature before this particular point must be considered and decided. There is another ground which is decisive of this contest.

The evidence on this hearing shows that the relator's real and true name is not Fred Johnson, but his first name is Arthur, and his real and true name is Arthur Fred Johnson or Arthur F. Johnson or A. Fred Johnson; that when, on July 3, 1930, he filed with the secretary of state his receipt for his filing fee, his affidavit and his application to have his name, therein represented to be Fred Johnson, placed upon the official ballot for the primary election as a

candidate for the office of auditor of public accounts, he was not intending to be a good faith candidate for said office but to confuse his name with that of Fred H. Johnson, a good faith candidate who had already filed for the same office and who is affiliated with the same party with which applicant or relator claims to be affiliated; and that to permit this to be done would be to sanction a patent fraud upon the respondent, upon a good faith candidate, and particularly upon the electors who are entitled under the law to have their identification of candidates unobscured by trickery and fraud. Under the law, the pleadings and the evidence, we have the power to exclude from the list of candidates one who has so falsely misrepresented his name in the circumstances here found. The fact that the secretary of state based his order of exclusion on the other ground does not vitiate his conclusion. His order was right even if the reasons he gave as a basis for it were wrong.

It may also be said that, in the proceeding here, we are not bound by nor limited to the evidence taken before the secretary of state. There, as we understand, the phases of the objections presented here relating to the deceptive elision of a part of relator's name and the facts learned when the withdrawal was offered were not permitted to be gone into because it was not deemed necessary by the secretary of state in the view he took of the matters relating to the withdrawal. These matters were competent here and are clearly decisive.

The judgment of the respondent was right in excluding the name of Fred Johnson of Greeley county from the list certified.